FILED
MAR 23 2012
CLERK OF SUPERIOR COURT
BARTOW CO., GA.

IN THE SUPERIOR COURT OF BARTOW COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMES E. JOHNSON AND ROSA C. JOHNSON,<br>Plaintiffs<br><br>v.<br><br>GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, BANK OF AMERICA, CORPORATION; BANK OF AMERICA, N.A AS SUCESSOR by MERGER TO BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP; MERSCORP HOLDINGS, INC.; MERSCORP, INC.;MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;<br>RUBIN LUBLIN SUAREZ SERRANO, LLC;<br>Defendants | CIVIL ACTION FILE NO: _12-CV-821_<br><br>4:12-cv-98-HLM |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND EX PARTE TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiffs JAMES E. JOHNSON AND ROSA C. JOHNSON, and files for Emergency Motion for Restraining Order or ex-parte Temporary Restraining Order against above named Defendants as follows:

1.

Plaintiff James E. Johnson and Rosa C. Johnson are citizens of Georgia and residents of Bartow County, Georgia;

2.

Defendants are believed to be in violation of O.C.G.A. 44-14-162.(b). Plaintiffs are seeking TRO on grounds Defendants are not 'holder in due course' of the note which has not been improperly assigned and recorded.

3.

Defendants lack standing to foreclose as the loan has been resold to another party, Plaintiff would like to see who holds the true note and is the 'holder in due course'.

4.

Plaintiff has filed a suit in Superior Court of Bartow County, State of Georgia, Case Number: _____ against these defendants and equitable relief stemming from violations of Contractual Breach of Good Faith and Fair Dealing, Unfair And Deceptive Business Act Practices (UDAP), Predatory Lending, Quite Title, Failure to Comply With State Statutes, Conversion, Aiding and Abetting, Conspiracy, Joint Venture, Promissory Estoppel or Illegal Attempt To Convert and Fraudulent Misrepresentation, rescission of

1

Estoppel or Illegal Attempt To Convert and Fraudulent Misrepresentation, rescission of their mortgage loan, actual fraud and fraud in the inducement, violations of the Georgia Residential Lending Act and other statutory and actual damages. This Emergency Petition is not filed for the purposes of delay, but to prevent a Forfeiture of an interest and ownership in real property sought to be obtained on the basis of fraud and abusive and predatory lending practices. Defendants wrongfully foreclosed on Plaintiff's property located at 54 Cliffhanger Pointe, Euharlee, Georgia 30120.

5.

Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling the Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

7.

Defendants' performance is a condition precedent to Plaintiffs' duty to tender and failure to respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

8.

Any further acts to enforce an invalid security instrument are wrongful, improper, and a serious breach of the fiduciary duty associated with Defendants obligations. Such acts violate TILA and RESPA, and are contrary to the explicit statutory requirements and contract between the parties.

9.

Defendant engaged in deceptive marketing practices through providing an inflated appraisal luring Plaintiff into a high-risk loan.

10.

Defendants concealed the fact of an inflated appraisal and used said appraisal to "qualify" Plaintiff for an unaffordable loan.

11.

The transaction was not in good faith, nor was it a fair dealing made in good faith, and was secured through fraud in the inducement and actual fraud. Plaintiff were victims of a predatory lending and contends Defendant's lack standing to foreclose as there has been a bifurcation of the security interests.

12.

Based on the above violations of State Law Claims of Fraud and Fraud in the inducement, and the principals of equity, Plaintiff seeks an Order staying any state court non-judicial foreclosure proceedings including but not limited to the foreclosure and potential sale of the subject property during the pendency of this action.

13.

With proper rescission notice, any security interest which Defendants had or will have in Plaintiff's residence is now void based on the rescission. Defendants have no valid interest upon which to foreclose.

14.

Plaintiff has plead multiple causes of actions of Federal and State law supported by facts and evidence in his pending federal suit.

15.

The facts support a decision in favor of Plaintiff.

16.

Under O.C.G.A. §§ 9-5-1 and 9-11-65, this Court may grant a Temporary Restraining Order/ Interlocutory Injunctive Relief.

17.

Defendants have been foreclosed upon and there is the potential that the subject property could be sold to a third party during the pendency of this Action.

18.

Plaintiff has no adequate remedy at law.

19.

Plaintiff seeks a temporary and permanent Restraining Order to bar the Defendants from the property mentioned here within until this case has been concluded in the Bartow County Superior Court.

20.

A temporary injunction/interlocutory injunctive relief would maintain the status and prevent irreparable harm.

WHEREFORE, Plaintiff prays For Interlocutory Injunctive Relief in the form of a Temporary Restraining Order regarding Plaintiff's residence, the subject property located at 54 Cliffhanger Pointe, Euharlee, Georgia 30120.

Respectfully submitted on March 23, 2012, by the undersigned:

Dale A. Calomeni
Attorney at Law
Georgia Bar No. 105311
CALOMENI & ASSOCIATES, LLC
PO BOX 2358
Roswell, GA 30075
Office Ph: 770-597-6112
Fax: 678-597-4955
Direct: 770-597-6111
Dacalomeni1@bellsouth.net
Office Address: 1455 Old Alabama Road, Suite 195-B, Roswell GA 30076